IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DANNY HOWELL,                    )
                                 )
Petitioner,                      )
                                 )
vs.                              )    CAUSE NO. 1:09-CV-168
                                 )
SUPERINTENDENT, WABASH           )
VALLEY CORRECTIONAL              )
Facility,                        )
                                 )
Respondent.                      )

<u>OPINION AND ORDER</u>

This matter is before the Court on the Petition for Writ of
Habeas Corpus by a person in State custody under 28 U.S.C. § 2254,
seeking review of his conviction, submitted by Petitioner Danny
Howell, the Response to the order to show cause filed by the
Respondent, and the Petitioner's Traverse. For the reasons set
forth below, the court **DENIES** this petition and the Clerk is
**ORDERED** to **DISMISS** the petition.


<u>BACKGROUND</u>

Petitioner Danny Howell, a prisoner confined at the Wabash
Valley Correctional Facility, filed this petition for writ of
habeas corpus pursuant to 28 U.S.C. § 2254, challenging his
convictions in the Wells Circuit Court for felony child molestation
and sexual misconduct with a minor for which he received sentences
totaling seventy years. The Indiana Court of Appeals affirmed his
convictions on direct appeal. (DE 17-5) and he did not seek

transfer to the Indiana Supreme Court. (DE 1 at 2). Howell subsequently petitioned for post-conviction relief asserting ineffectiveness of his trial counsel. The trial court denied relief, the Indiana Court of Appeals affirmed the trial court's resolution of the petition for post-conviction relief (DE 17-9), and the Indiana Supreme Court denied transfer. (DE 17-7 at 5). In his petition for writ of habeas corpus, Howell asserts that he "was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments for failure to offer proof that alleged child molest victim told other people her stepbrother previously molested her." (DE 1 at 5).


LEGAL STANDARDS

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of
> a person in custody pursuant to the judgment of a State
> court shall not be granted with respect to any claim that

was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court or if the state court reaches an opposite result in a case involving facts materially indistinguishable from relevant Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.*

DISCUSSION

In his petition for writ of habeas corpus, Howell asserts that his trial counsel rendered ineffective assistance because he failed "to offer proof that alleged child molest victim told other people her stepbrother previously molested her." (DE 1 at 5)

"The Sixth Amendment entitles criminal defendants to the 'effective assistance of counsel'— that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." *Bobby v. Van Hook*, No. 09-144, 2009 WL 3712013, at *2 (Nov. 9, 2009). The governing Supreme Court case is *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel under *Strickland*, the Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. The court's review of counsel's performance is "highly deferential," and the Petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004). The prejudice prong requires the Petitioner to show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Where it is expedient to do so, a court may resolve an ineffective assistance claim based solely on the prejudice prong; in other words, where a petitioner cannot establish prejudice, there is no

4

need to consider in detail whether counsel's performance was constitutionally deficient. *See Strickland*, 466 U.S. at 697; *Watson v. Anglin*, 560 F.3d 687, 689-90 (7th Cir. 2009).

Howell presented his ineffective assistance of counsel claims to the Indiana courts in his post-conviction proceedings. The Indiana Appellate Court properly identified the *Strickland* standard as governing the resolution of this claim. (DE 17-9 at 7-8). Accordingly, the court must determine whether the state court's application of *Strickland* was unreasonable.

Howell argued in his state appeal that he "was denied the effective assistance of counsel when counsel did not make an offer of proof that B.S. told other people her stepbrother molested her." (DE 17-8 at 3). A social worker named Ramsey interviewed the victim on five occasions. "During these sessions, B.S. discussed Howell's molestation and may have also mentioned her alleged sexual relationship with B.H." (DE 17-9 at 9). Howell argued that Ramsey's testimony opened the door to the admission of evidence of the relationship between B.S. (the victim) and B.H. (Howell's minor son), and that "his trial attorney was ineffective for failing to make an offer of proof regarding the alleged sexual relationship between B.S. and B.H." (DE 17-9 at 8)

The Indiana courts rejected this theory. The Indiana Court of Appeals noted in its opinion that Howell conceded in his appellate brief "that this evidence would normally have been inadmissible .

. . Howell insists that Ramsey's testimony opened the door to the evidence implicating Howell's right to cross-examine witnesses pursuant to the Sixth Amendment to the United States Constitution." (DE 17-9 at 8-9).

In regard to the deficient performance prong of the *Strickland* test, the Indiana Appellate Court concluded that, unlike the case Howell cited in his appeal, there was no evidence that the relationship between B.S. and B.H. was non-consensual, and there was "no evidence that a consensual sexual relationship would have caused B.S. to have behaved as though she had been molested." (DE 17-9 at 13). After analyzing the facts of Howell's appeal the court of appeals stated "[w]e cannot conclude that this evidence opened the door to testimony regarding a sexual relationship between B.S. and B.H. because Howell's Sixth Amendment right to cross-examine was simply not implicated." (*Id.*).

In regard to the prejudice prong of the *Strickland* test, the Indiana court of Appeals noted that:

> . . . even if we had concluded that an offer of proof should have been made, Howell would still fail in his ineffective assistance claim because he cannot establish prejudice given the substantial evidence in the record supporting his convictions. B.S. testified that Howell had engaged in sexual intercourse with her twice when she was thirteen and again when she was fourteen. Furthermore, four witnesses testified that they saw Howell pat B.S.'s legs inside her thigh, pat her bottom with is fingers between her legs, place his crotch area on her hand, and press the front of his body against B.S.'s body. We do not find the post-conviction court's conclusion that this evidence is "overwhelming" to be clearly erroneous. Appellant's App. P. 12. Therefore, we

> find that it was not clearly erroneous for the post-
> conviction court to have concluded that Howell
> established neither deficient performance nor prejudice
> . . ..

DE 17-9 at 14.

A federal court may grant habeas relief if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins*, 539 U.S. at 520. The Indiana Court of Appeals reviewed Howell's claims under the *Strickland* standard, reasonably applied *Strickland* to the Petitioner's allegations, and rejected them. Howell failed to establish ineffective assistance of trial counsel because he did not establish either cause or prejudice. Nothing in the record suggests that had Howell's counsel attempted to delve into the relationship between the victim and Howell's minor son the result of the proceeding would have been different. Because the Indiana Court of Appeals reasonably applied *Strickland* to Howell's claims and found them to be unsubstantiated his claims are without merit on habeas review pursuant to 28 U.S.C. § 2254(d).


CONCLUSION

For the reasons set forth above, the petition (DE 1) is **DENIED** and the Clerk is **ORDERED** to **DISMISS** the petition.


DATED: April 26, 2010        /s/ RUDY LOZANO, Judge
                             United State District Court